## EL PUEBLO *v.* NEGRÓN.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 353.—Resuelto en mayo 26, 1911.

DERECHO PENAL—APELACIÓN—TRANSCRIPCIÓN DEL RÉCORD—PRUEBAS—PRESUN-CIONES.—No existiendo en la transcripción de los autos ni relación de hechos ni pliego de excepciones, debe presumirse que las pruebas se practicaron de acuerdo con la ley y que fueron suficientes para sostener el veredicto del jurado.

ID.—INSTRUCCIONES DEL JUEZ AL JURADO—FALTA DE AUTENTICIDAD.—Unas instrucciones al jurado no firmadas por el juez que las trasmitiera, carecen de la debida autenticidad para poder ser consideradas por el Tribunal Supremo.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Horton y Feliú.*

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Mayagüez en un caso de homicidio. El 16 de febrero de 1911, el Fiscal del distrito presentó su acusación imputando al acusado José Negrón Vélez, (*a*) Cheo, la comisión del siguiente hecho: "En la noche del día 28 de enero del corriente año 1911 y en el barrio Cotuí de la municipalidad de San Germán, que forma

parte del Distrito Judicial de Mayagüez, P. R., el referido acusado, José Negrón Vélez, (a) Cheo, con motivo de una súbita pendencia habida entre él y Herminio Sorrentino, voluntaria e ilegalmente disparó un tiro de revólver contra dicho Sorrentino, quien resultó ileso, hiriendo la bala a otra persona llamada Dámaso Padilla que murió instantáneamente, habiéndole penetrado dicha bala por la órbita del ojo izquierdo, perforándole el cerebro.''

El acusado hizo la alegación de ''no culpable'' y solicitó juicio por jurados. El 20 de marzo de 1911 se llamó la causa para la vista, comparecieron las partes, se practicaron las pruebas, argumentaron los abogados, el juez dió sus instrucciones y el jurado se retiró a deliberar y regresó a la sala de la corte con su veredicto escrito, declarando al acusado culpable de homicidio voluntario. La corte a su vez declaró al acusado convicto de dicho delito y fijó el pronunciamiento de la sentencia para el día 23 de marzo de 1911.

En la fecha fijada compareció el acusado y la corte después de haber cumplido con las prescripciones de ley, dictó su sentencia imponiendo al convicto la pena de dos años de presidio con trabajos forzados.

Contra esa sentencia se interpuso el presente recurso de apelación, habiéndose celebrado la vista en esta Corte Suprema el 25 de mayo actual.

La transcripción de los autos no contiene ni relación de hechos, ni pliego de excepciones. Ignoramos, pues, cuál fué la prueba practicada en este caso y no sabemos si se tomaron o nó excepciones durante la tramitación del mismo, y debemos presumir en tal virtud que las pruebas fueron suficientes y que se presentaron y practicaron de acuerdo con la ley.

En el récord se incluyen las instrucciones al jurado, pero dichas instrucciones carecen de la firma del juez, y por tanto, de la debida autenticidad para ser consideradas por esta corte, según este tribunal ha resuelto en repetidos casos.

El apelante no compareció al acto de la vista del recurso, ni ha presentado razón alguna en apoyo del mismo.

Limitando, pues, nuestro examen a la acusación, al acta de *arraignment,* a la alegación del acusado, al fallo, a la sentencia y al escrito de apelación, únicos documentos auténticos que constituyen la transcripción en este caso, y la ley aplicable, hemos llegado a la conclusión de que no se ha cometido ningún error fundamental, debiendo en su consecuencia declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.